# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4227

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Michael R. Pope, | * | Southern District of Iowa |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: November 2, 2000

Filed: November 8, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Michael R. Pope appeals from the final judgment entered in the District Court[1] for the Southern District of Iowa upon his guilty plea to making a false statement to a financial institution insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 1014. The district court sentenced him to 3 months imprisonment and 3 months home confinement. For reversal, appellant argues the district court erred in

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

increasing his base offense level for having caused a loss of $35,116.50, <u>see</u> U.S.S.G. § 2F1.1(b)(1)(E) (4-level increase for $20,000-$40,000 loss), because his bankruptcy estate contents are "assets pledged to secure the loan" which should be offset against the balance of the loan pursuant to U.S.S.G. § 2F1.1, comment. (n.8(b)).  Note 8(b) reads as follows:

> In fraudulent loan application cases . . . , the loss is the actual loss to the victim (or if the loss has not yet come about, the expected loss). For example, if a defendant fraudulently obtains a loan by misrepresenting the value of his assets, the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered (or can expect to recover) from any assets pledged to secure the loan.  However, where the intended loss is greater than the actual loss, the intended loss is to be used.

For the reasons discussed below, we affirm the judgment of the district court.

We find no error in the district court's actual loss calculation, because the bank, even if it could expect to recover fully from appellant's bankruptcy estate, cannot expect to recover from assets  pledged *to secure its loan* to appellant.  <u>See</u> <u>United States v. Oligmueller</u>, 198 F.3d 669, 671 (8th Cir. 1999) (reviewing district court's interpretation and application of Guidelines de novo and its amount-of-loss determination for clear error). <u>See generally</u> 11 U.S.C. § 507 (priorities in bankruptcy).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.